**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROSS SCOPELLITI,

    Plaintiff,

v.                                                Case No.  8:19-cv-1626-T-02CPT

DANIEL A. HARRIS, and
JENNIFER McCLEAN,

    Defendant.

**CASE MANAGEMENT REPORT**

1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **October 21, 2019** (date) at **4:30 p.m.** (time) (check one) ( **X** ) by telephone (or) (_____) at _____(place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Ross Scopelliti | *ProSe*, Plaintiff |
| Craig E. Rothburd, Esquire | Jennifer McClean, Defendant |

2.    <u>Initial Disclosures</u>:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure,

on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

__**X**__     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **December 17, 2019** (date).[2]

_____     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties)_____ objects to disclosure of such information for the specific reason(s) that:

3.     <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

    a.     <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)   Requests for Admission:

   Per Federal Rules of Civil Procedure

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)   Written Interrogatories:

   Per Federal Rules of Civil Procedure

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)   Requests for Production or Inspection:

   Per Federal Rules of Civil Procedure

(4)   Oral Depositions:

   Per Federal Rules of Civil Procedure

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| | NOT APPLICABLE | |

    b.    <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **September 20, 2020** [**60 days before discovery cut-off].**

    c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **September 20, 2020 [60 days before discovery cut-off]**.

    d.    <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before  **November 20, 2020** . **[30 days before dispositive motion deadline]**

4.    <u>Discovery Plan - Defendant</u>:    The parties jointly propose the following Defendant's discovery plan:

a.    <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)    <u>Requests for Admission:</u>

Per Federal Rules of Civil Procedure

<u>Scopelliti v. Harris & McClean</u>
Case No.  8:19-cv-1626-T-02CPT
 - Case Management Report

Page 4 of 8

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)   Written Interrogatories:

Per Federal Rules of Civil Procedure

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)   Requests for Production or Inspection:

Per Federal Rules of Civil Procedure

(4)   Oral Depositions:

Per Federal Rules of Civil Procedure

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

NOT APPLICABLE

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: **[30 days before discovery cut-off] October 20,2020.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **[30 days before discovery cut-off] October 20, 2020.**

d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **November 20, 2020**.

e. <u>Dispositive Motion Cutoff Date</u>: **November 20, 2020**. Note, this date should be at least four months before the pretrial conference date.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, <u>assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues</u>):

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

Not Applicable

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should be **February 17, 2020** **[no later than 4 months from Case Management Report filing date and at least 4 months before pretrial conference]**. (Note time limit in Local Rule 4.03.)

8. **Settlement and Alternative Dispute Resolution**: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

   Parties agree that settlement is
   (check one)

   _____ likely
   __X__ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b). _____ yes __X__ no _____ likely to agree in future

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. The parties agree mediation will be completed by **December 17, 2020 [5 months before pretrial conference]**.

10. **Consent to Magistrate Judge Jurisdiction**: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

    _____ yes __X__ no _____ likely to agree in future

11. **Preliminary Pretrial Conference**:
    Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

    Track Two Cases: Parties
       _____ request (check one)
       __X__ do not request
    a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

12. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **April 5, 2021** **[3 weeks before trial term begins]** and for trial on or after **May 17, 2021** **[3 weeks after pretrial conference]**. This **Jury** / Non-Jury trial is expected to take approximately **3** day(s).

13. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

14. Other Matters:

    Not Applicable

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

Date:  November 8, 2019                    Date: _____

CRAIG E. ROTHBURD, P.A.


/s/ Craig E. Rothburd
Craig E. Rothburd, Esq.- FBN:  0049182
320 W. Kennedy Blvd., #700
Tampa, Florida  33606
Telephone:    (813) 251-8800
Fax:              (813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com
CERPA File No.  6763
*Counsel for Defendants*
*Jennifer McClean*

Ross Scopelliti – *ProSe*
3212 Marlin Avenue
Tampa, Florida  33611
legallybeagley@gmail.com
*Pro Se Plaintiff*

**Scopelliti v. Harris & McClean**
**Case No.  8:19-cv-1626-T-02CPT**
 - Case Management Report

Page 8 of 8

12. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **April 5, 2021 [3 weeks before trial term begins]** and for trial on or after **May 17, 2021 [3 weeks after pretrial conference]**. This **Jury trial** is expected to take approximately 3 _ day(s).

13. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

14. Other Matters:

    Not Applicable

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

11-7-19

Date

Ross Scopelliti – ProSe
3212 Marlin Avenue
Tampa, Florida 33611

CRAIG E. ROTHBURD PA

Telephone: (813) 251-8800 Fax: (813) 251-5042
craig@rothburdpa.com
maria@rothburdpa.com CERPA File No. 6763 *Counsel for Defendant*

legallybeagley@gmail.com

: