UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS SCOPELLITI,

    Plaintiff,

v.                                       Case No. 8:19-cv-1626-T-02CPT

JENNIFER MCCLEAN,

    Defendant.
_____/

## ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

This matter comes to the Court on Defendant Jennifer McClean's Amended Motion to Dismiss Amended Complaint (Dkt. 23, 24) with Prejudice. Dkt. 30. Plaintiff Ross Scopelliti filed a response. Dkt. 44. After briefing by the parties, the Court grants Defendant's Motion to Dismiss with prejudice.

## Background

The origin of this action is in the Hillsborough County Court foreclosure action, *Jennifer McClean v. Terrence Nero, et al.*, No: 12-CA-010683 Div. M.[1]

---

[1] Courts may take judicial notice of documents from another proceeding because they are matters of public record and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010). However, "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

According to the Hillsborough County Court docket, final judgment was entered in late 2015 with a foreclosure sale date in early 2016. *Id.*; *see also* Dkt. 30 at 2. Following some delay, the property was sold in a foreclosure sale on May 2, 2019. Dkt. 30 at 2. From this sale Defendant acquired title to the disputed property. *Id.* Plaintiff now brings a seven count Amended Complaint against Defendant for alleged conduct during the foreclosure action and for an alleged slip and fall accident in April 2019. Dkt. 24.

## **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Courts may also consider documents attached to a motion to dismiss if they are (1) central to the plaintiff's claim; and (2) undisputed

or, in other words, the "authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted).

The decision to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But leave to amend shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Thus, "leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). A substantial reason to deny leave to amend would include when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay by the moving party, (3) the amendment would be futile, or (4) repeated failure to cure deficiencies by amendments previously allowed. *Foman*, 371 U.S. at 182.

## **Discussion**

Defendant argues that Counts I, II, V, VI, and VII of the Complaint should be dismissed under the *Rooker-Feldman*[2] doctrine. Dkt. 30 at 4–5. The Court finds these Counts present a clear case for dismissal under *Rooker-Feldman*.

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

---

[2] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

rejection of those judgments." *Exxon Mobil Corp.* v. *Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Simply, a federal district court "lacks jurisdiction to review, reverse, or invalidate a final state court decision." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).

Counts I, II, V, VI, and VII all ask the Court to review and reverse the judgment made by the state court in the foreclosure action. Dkt. 24 at 1–5. Count I asks the Court to reverse the state court foreclosure action and declare that Defendant is not the actual owner of the disputed property. *Id.* at 1–2. Count II asks the Court to declare that Defendant committed fraud during the state court foreclosure action. *Id.* at 2. Count V again asks the Court to reverse the state court foreclosure action and declare that Defendant is not the actual owner of the disputed property. *Id.* at 3–4. Count VI asks the Court to find that representations made by Defendant in the state court foreclosure action were harassment. *Id.* at 4. Count VII also asks the Court to find that Defendant's state court foreclosure action amounted to intentional infliction of emotional distress. *Id.* at 4.

Plaintiff argues that he was not a "state court loser" because he was not a party to the state court foreclosure action. Dkt. 44 at 3. Yet Plaintiff attaches to his Response a state court order entering a default judgment against "all unknown tenants in possession of [the property.]" *Id.* at 42–43. As the tenant in possession at the time of the default, Plaintiff was a party to the state court action and did in fact

4

lose there. In sum, the *Rooker-Feldman* doctrine bars this Court from hearing Counts I, II, V, VI, and VII.

Further, Counts III and IV do not present claims legally sufficient to be plausible on their face. To state a claim for negligence a plaintiff must show the defendant owed him a duty. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003). Both parties agree that in April 2019, the time of the alleged accident, Defendant did not own the property where the alleged slip and fall accident occurred. Dkt. 24 at 1 ("Jennifer McClean is <u>not</u> the proper owner of the property in question.") (emphasis in original); Dkt. 30 at 5 ("Defendant was not the owner of the property [on the date of the alleged accident], a fact well known to Plaintiff."); Dkt. 1 at 13 (noting that title was executed for the disputed property in Defendant's name on May 2, 2019). Since Defendant cannot have owed Plaintiff a duty based on the ownership of property she did not yet own, Plaintiff cannot allege a legally sufficient negligence claim against Defendant for the alleged slip and fall accident.

While normally a court is instructed to freely grant leave to amend, where amendment would be futile a court is within its discretion to deny leave to amend. *Foman*, 371 U.S. at 182. By the undisputed facts, none of the Counts in Plaintiff's Amended Complaint present—or could possibly present—claims available for

relief. Accordingly, Plaintiff's Amended Complaint, Dkt. 23 & 24, must be dismissed with prejudice.

## Conclusion

The Court grants Defendant's Motions to Dismiss, Dkt. 30, and dismisses Plaintiff's Amended Complaint, Dkt. 23 & 24, with prejudice.

**DONE AND ORDERED** at Tampa, Florida, on December 19, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se